POWERS *v.* SAVIN *et al.*

(*Supreme Court, General Term, First Department.* November 23, 1888.)

1. PLEDGE—BY ONE WITHOUT AUTHORITY—DISPOSITION OF PROCEEDS.

Where plaintiff's stock was pledged by another without his knowledge or consent, and sold by the pledgee, it is error, in an action to recover a fund alleged to be the proceeds thereof, to award a part of it to the pledgeor's assignee for benefit of creditors, and the award cannot be sustained by the possibility of claims to the fund by third persons whose securities were also pledged, all persons shown to have an interest in it being made parties.

2. SAME—RIGHTS OF CLAIMANTS—WHEN ASSERTED.

Neither can it be sustained on the ground that the rights of all parties to the fund in the hands of the assignee may be determined in future proceedings, where the judgment denies plaintiff's right absolutely, without reserving to him a right to institute further proceedings.

3. REFERENCE—OPINION OF REFEREE—FINDING OF FACT—CONFLICT.

The finding of fact of a referee must prevail on appeal, where the opinion is in conflict with it.

Appeal from judgment on report of referee.

In this action by E. K. Powers, executor, etc., of Hollis L. Powers, deceased, against F. W. Savin and E. W. Vanderhoff, and John Wheeler, assignee for benefit of creditors of O. M. Bogart & Co., the controversy is as to the disposition of a fund alleged to have arisen out of the sale by Savin & Vanderhoff of the stock of plaintiff's testator pledged to them, with other stock by O. M. Bogart & Co. The referee allowed Savin & Vanderhoff to retain a portion of the fund, and awarded the balance to Wheeler, as assignee. Plaintiff appeals from the entire judgment, and Wheeler from so much thereof as denies his right to recover the whole fund.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*L. C. Waehner,* for plaintiff.　*H. A. Root* and *T. D. Keuneson,* for defendants Savin & Vanderhoff.　*John Notman,* for defendant Wheeler.

MACOMBER, J. The fund, which is the subject-matter of the controversy in this action, is claimed by the plaintiff to have arisen out of the sale by the defendants Savin & Vanderhoff of 300 shares, belonging to the plaintiff's testator, of the capital stock of the Chicago, Milwaukee & St. Paul Railroad Company, which had been pledged, with other stocks, to Savin & Vanderhoff by O. M. Bogart & Co., without the knowledge or consent of the true owner. The evidence establishes the fact that Hollis L. Powers, the plaintiff's testator, was the owner of these shares of stock. Indeed, such fact is not controverted in the case further than to the extent that this stock was in the manual custody of O. M. Bogart & Co., and that they appeared to have had the right to dispose of it. But the equitable title of the plaintiff thereto, as between the parties to this action, is abundantly established. Yet the report of the referee does not so find, though it does not find as a fact to the contrary. It nowhere mentions the plaintiff or his testator's ownership of said shares, or the plaintiff's connection with this case further than to say, as its first conclusion of law, that the plaintiff is not entitled to recover from the defendants any sum of money. In the opinion of the learned referee, however, two positions are taken, one of which is that the plaintiff's testator permitted the firm of O. M. Bogart & Co. to use his stocks in their business transactions. Such may have been, and doubtless was, the case with many securities, but how was it with this particular stock? Resort being had to the findings of the referee, outside of his report, made in compliance with written requests of counsel, it is found under the twenty-second request made by the counsel for the defendant Wheeler that Hollis L. Powers consented shortly before the making of said loans that O. M. Bogart & Co. might use some of his securities which were in their hands. He was not requested to find, and did not find, as a fact that such firm used these identical securities by the consent of the plaintiff's tes-

tator.  On the contrary, by the fifth proposed finding of the counsel for the plaintiff, 'which is allowed by the referee, it is distinctly decided as a fact that these 300 shares of the capital stock of the Chicago, Milwaukee & St. Paul Railroad Company were so pledged to Savin & Vanderhoff without the knowledge or consent of Hollis L. Powers.  Upon a controverted question of fact, where there is contradiction or variance between the opinion and the finding, the conclusion of the latter must prevail upon appeal.

The second position of the referee is that, inasmuch as there were in each of the loans made by Savin & Vanderhoff to O. M. Rogart & Co. securities received belonging to other parties, who may have proportionate claims with the plaintiff in the surplus now in the hands of Savin & Vanderhoff, the right of the plaintiff if any cannot be determined without making all those persons parties to the action.   But the learned referee has actually awarded to the assignee of O. M. Bogart & Co. a portion of the fund, without having such other persons before him, and that, too, under a finding of fact which shows that the appropriation of these 300 shares of stock by his assignors, belonging to the plaintiff's testator, was without the authority, knowledge, or consent of the true owner.   As the firm of O. M. Bogart & Co. could not hold this balance of the proceeds of the sale of the stock, so, as matter of law, their assignee for the benefit of creditors cannot lawfully claim it.   The possible rights of third persons, not parties to the action, could not properly be taken into the account at the trial.   Such considerations were only matters of concern to the parties upon whom reclamations might be made in other actions.  The plaintiff has made all persons shown to be interested in the fund parties to this action, namely the assignee of the firm which appropriated his testator's property, and the brokers who, having received the stock in good faith under the circumstances disclosed in the evidence, are entitled to reimburse themselves for payments made on the strength thereof, but not to a greater extent.   If they or the assignee of O. M. Bogart & Co. could have shown that other dealers made a like claim they would doubtless have made an effort before trial to bring them into this action.

The suggestion of the referee that with the fund so placed by his decision in the hands of the assignee of O. M. Bogart & Co. the rights of all claimants might be worked out in subsequent proceedings cannot be sustained.   If thereby it was intended to encourage further hopes of the plaintiff it was illusory, for the decision of the learned referee, with the judgment entered thereon, if allowed to stand, is a bar forever to any future action which may be brought in behalf of the estate of Hollis L. Powers, as by the judgment the denial to the plaintiff of any share whatever in the fund is absolute and without reservation to him to institute any future proceedings against the assignee of O. M. Bogart & Co.   It follows that a new trial must be had upon the merits of the case.   Consequently it is not necessary on this appeal to consider the question whether the defendants Savin & Vanderhoff shall retain the whole or part only of the sum claimed by them, but that question will still be before the referee upon the new trial.   The judgment appealed from is reversed, and a new trial granted, and under the statute, before another referee, with costs to the plaintiff to abide the event.

Van Brunt, P. J., and Bartlett, J., concur.